IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA**

**V.**                                        **CRIMINAL NO. 3:19-cr-0094-HTW-LGI**

**DARIUS D. WRIGHT**

## ABBREVIATED ORDER

The issue here is whether the defendant, Darius Wright, qualifies as an Armed Career Criminal under 18 U.S.C. § 924(e)(1), which manifests that a §922(g) offender qualifies under ACCA if the §922 (g) offender previously has been convicted of three violent felonies, and those three felonies were committed on "occasions different from one another". Thus, the statute contains both a three-offense requirement and a three-occasion requirement. The Government here argues that Darius Wright's criminal past satisfies both requirements in that he has convictions for two burglaries and one armed robbery[1]. The defense quarrels only with the status of the two burglaries, whether those two burglaries qualify as separate convictions for the purpose of the ACCA. The defendant, predictably, takes a different position from the Government.

In order to render the correct decision, this court is directed by Supreme Court authority to review what are labeled as "charging documents". The Government, in an effort to submit charging documents, has submitted to the court the indictments on the two burglaries under which the Defendant was convicted. On one occasion, Wright was charged with burglarizing the

---

[1] Doc. 99-3 is an indictment from Marion County, Mississippi, charging Wright and another individual with Armed Robbery. Wright pled guilty to this indictment.

address of 3102 Longwood Drive, Jackson, MS on January 12, 2012. [Docket no. 99-2]. The record reflects that Wright was arrested by the U.S. Marshals on January 13, 2012. On the second occasion, Wright was charged with burglarizing 1608 Meadow Forrest Drive, Jackson, MS, one mile afar from the first dwelling, on January 16, 2012. [Docket no. 99-1]. Wright pled guilty to both burglaries.

One notes that the two indictments carry different burglary dates. One burglary allegedly occurred on January 12, 2012; another burglary allegedly occurred on January 16, 2012, according to the indictments. This court has no other substantive information about the two different burglaries, other than the separate owners, and other than the separate items that were taken.

The dates provided in the two indictments pose a significant problem. Wright was arrested on the first burglary on January 13, 2012. The second indictment charges that the second burglary occurred three days later, January 16, 2012. Once Wright was arrested, however, he failed to make bail and as conceded by the Government, he would have been in jail on the date of the second indictment. This court, therefore, is without knowledge when the second burglary actually occurred. Since it could not have occurred on the date that is charged in the indictment, the second burglary could have occurred on the same date as the first burglary. If so, the two burglaries could be construed as one occurrence, possibly committed close in time, in an uninterrupted course of conduct.

This court is aware that proximity of location is also an important factor since the further away crimes take place, the less likely they are components of the same criminal event. The character and relationship of the offenses, too, may make a difference. The more similar or intertwined the conduct given rise to the offenses (relative to a common scheme or purpose) as

mentioned by *Wooden vs. United States*, 595 U.S. 360 (2022), "the more apt they are to compose one occasion".

This court, as previously stated, does not have before it any charging documents answering most of these particular questions enunciated above.

The question, then, boils down to this: whether the confusion of the dates of commission of the crimes, with the possibility that they were committed on the same date, not that far apart, with many questions of the two burglaries unanswered, require this court to find that the Government has not proven that these are separate occasions for purposes of § 924(e)(1). The answer is "Yes". This court, with the lack of evidence before it, simply cannot find that these two burglaries constitute "occasions different from one another".

This court shall memorialize its ruling in a forthcoming detailed written opinion.

SO ORDERED this the 28th day of November, 2023.

/s/HENRY T. WINGATE  
UNITED STATES DISTRICT JUDGE